Greg Adler, SBN 234142
GREG ADLER P.C.
35111F Newark Blvd., Ste 500
Newark, CA 94560
Phone: 844-504-6587
Email: greg@adler.law

Alfred G. Rava, SBN 188318
RAVA LAW FIRM
3667 Voltaire Street
San Diego, CA 92106
Phone: 619-238-1993
Email: alrava@cox.net

Attorneys for Plaintiffs and the Putative Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIANO ALEXANDRE, CHRISTINE LOUISE JOHNSON, ERIC NELSON, and NAM BE on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., and DOES 1-10,<br><br>Defendants. | Case No. **'22CV1459 MMA WVG**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1. **Violation of California Civil Code § 51 (The Unruh Civil Rights Act); and**<br>2. **Violation of California Civil Code § 51.5.**<br>CLASS ACTION |

All animals are equal, but some animals are more equal than others.

– George Orwell, *Animal Farm*

Plaintiffs Luciano Alexandre, Christine Louise Johnson, Eric Nelson, and Nam Be on behalf of themselves and all others similarly situated, bring the following race discrimination allegations against Defendant Amazon.com, Inc. ("Amazon").

1. In Amazon's quest to enter into contracts with certain racially preferred and privileged "delivery service partners," Amazon has employed an updated version of those infamous job discrimination notices published in America over a century ago reading "No Irish Need Apply." But Amazon's 2022 version is much more pervasive, bigoted, divisive, and racist than its 19th and 20th century predecessor because Amazon's notice to hire delivery service partners effectively reads "No Asians, Whites, Native Hawaiians or Other Pacific Islanders Need Apply."

2. Amazon discriminates against Asians, Whites, and Native Hawaiians or Other Pacific Islanders through a so-called "Diversity Grant" program whereby only Amazon's preferred or favored Black, Latino, and Native American entrepreneurs (hereinafter "Amazon-favored entrepreneurs") who wish to contract with Amazon as delivery service partners (hereinafter "DSPs") are provided $10,000 in additional consideration as part of their contracts with Amazon to be a DSP. But Amazon has instructed Asian, White, and Native Hawaiian or Other Pacific Islander entrepreneurs (hereinafter "Amazon-disfavored entrepreneurs") who wish to contract with Amazon as delivery service partners (hereinafter "DSPs") are provided $10,000 in additional consideration as part of their contracts with Amazon to be a DSP. But Amazon has instructed Asian, White, and Native Hawaiian or Other Pacific Islander entrepreneurs they need not even *apply* for the $10,000 additional consideration Amazon is providing in its DSP contracts to only Amazon-favored entrepreneurs. As further explained below, Amazon prohibits Asians, Whites, and Native Hawaiians or Other Pacific Islanders from applying for the same types of DSP contracts that Amazon allows only Blacks, Latinos, and Native Americans are uniquely privileged to enter into with Amazon. See https://logistics.amazon.com (last visited September 28, 2022), a printout of which is attached to this complaint as Exhibit 1.

Class Action Complaint for Damages and Injunctive Relief

3. As seen in Exhibit 1 and also excerpted below, Amazon uses the coined, superficially gender-neutral, and woke term "Latinx" in its solicitations for Amazon-favored entrepreneurs. But recent national surveys of Latinos show that "Latinx" is highly unpopular among Latinos. Many Latinos find the term Latinx to be offensive, odd, and off-putting because it does not follow the traditional structure of Spanish, making it awkward because Spanish plurals do not end in "x" and it is difficult to pronounce because so few Spanish words end with two consonants. See, e.g., www.nbcnews.com/think/opinion/many-latinos-say-latinx-offends-or-bothers-them-here-s-ncna1285916. Therefore, the term "Latinos" will be used in this Complaint.

4. As seen in Exhibit 1, on the website https://logistics.amazon.com, under the heading "Commitment to Diversity," Amazon expresses its preference for only "Black, Latinx, and Native American entrepreneurs" to the exclusion of other underserved races as follows:

> We're proud to announce a Diversity Grant to help reduce the barriers to entry for Black, Latinx, and Native American entrepreneurs — a $1 million commitment toward funding startup costs, offering $10,000 for each qualified candidate to build their own businesses in the U.S. With the launch of this grant program, we're investing in building a future for diverse business owners to serve their communities. If interested, please complete the diversity questions in the Financial Details section of the Application.

5. Regarding the above "diversity questions in the Financial Details section of the Application," during the application process to become an Amazon DSP on https://logistics.amazon.com, prospective applicants are asked if they would be interested in receiving a $10,000 "diversity grant" toward becoming a DSP. If prospective applicants are so interested, they are required to select and provide their race from a drop-down box. However, "White," "Caucasian," "Asian," "Asian-American," "Native Hawaiian," "Pacific Islander" or any variation of these non-Black, non-Latino, or non-Native American terms is not even an option as seen below:

[Screenshot of Amazon Logistics DSP application form showing questions including: "Do you have unsatisfied judgements or lawsuits pending?", "Have prior tax returns been contested?", "Have you ever sold property as a short sale or been foreclosed on or sued for foreclosure?", "Is there anything in your financials that require explanation?", and "Are you interested in receiving a $10,000 diversity grant to become a Delivery Service Partner (DSP)?" with note: "To be eligible for the grant, applicants must self-identify as Black/African American, Hispanic/Latinx, and/or Native American/Indigenous. The data you provide will be kept confidential and separate from your DSP application, and will not be used in a discriminatory manner. Completion of this question is optional and voluntary." Below is a dropdown "What race(s) and/or ethnicity(ies) do you identify with?" with options: Black/African American, Hispanic/Latinx, Native American/Indigenous.]

6. Thus, in applying with Amazon for a DSP contract, Asian, White, Native Hawaiian or Other Pacific Islander people are denied the full and equal opportunity for the $10,000 contract consideration that Amazon provides to only Amazon's preferred Black, Latino, and Native American people in violation of Civil Code sections 51 and 51.5.

7. Amazon's self-titled "Commitment to Diversity" is anything but. Instead, it is a commitment to discrimination, divisiveness, and an anti-Asian, anti-White, and anti-Pacific Islander policy and practice by the world's largest online retailer. Furthermore, Amazon's so-called "Diversity Grant" is actually a form of consideration in the contracts Amazon enters into only with Amazon's preferred Black, Latino, and Native American entrepreneurs. If Amazon held a sincere "Commitment to Diversity"

it would commit to providing the same DSP contracts with the same consideration to all entrepreneurs, no matter their race or skin color.

8. Amazon's denial of full and equal accommodations, advantages, facilities, privileges, or services to Plaintiffs and other Asian, White, Native Hawaiian or Other Pacific Islander people violates California's Unruh Civil Rights Act, which is codified as California Civil Code section 51. Amazon's (1) discrimination against Plaintiffs and other Asian, White, and Native Hawaiian or Other Pacific Islander people, (2) boycott or blacklist of Plaintiffs and other Asian, White, and Native Hawaiian or Other Pacific Islander people, and (3) refusal to contract or trade with Plaintiffs and other Asian, White, and Native Hawaiian or Other Pacific Islander people violates California Civil Code section 51.5. The remedies for violations of Civil Code sections 51 and 51.5 are provided by California Civil Code section 52 and include injunctive relief, a minimum of $4,000 for each and every offense, and attorneys' fees for prevailing plaintiffs.

9. Amazon's disparate treatment of applicants to be DSP contractors has caused discontent, animosity, harm, resentment, division, and envy among the races, constituted intentional, arbitrary, unreasonable, and/or invidious discrimination, and contravened California's historical effort and compelling public policy to put an end to race discrimination. Amazon willfully and maliciously injured Plaintiffs and other Asian, White, and Native Hawaiian or Other Pacific Islander people by intentionally discriminating against them based on their race or the color of their skin.

10. Amazon's racist DSP contracting terms not only undermines California's historical effort and compelling public policy to eradicate race discrimination as embodied in at least Civil Code sections 51, 51.5, and 52, it also violates Amazon's very own supposed commitment to diversity and inclusion, found at https://www.aboutamazon.com/workplace/diversity-inclusion, which reads as follows:

> We are a company of builders who bring varying backgrounds, ideas, and points of view to inventing on behalf of our customers. Our diverse perspectives come from many sources including gender, race, age, national origin, sexual orientation, culture, education, and professional and life experience. We are committed to diversity and inclusion and always look for ways to scale our impact as we grow.

11. Amazon's race-based DSP contracts are antithetical to Amazon's above expressed and highly self-touted commitment to diversity and inclusion. Contrary to being committed to diversity and inclusion, Amazon has employed its race-based DSP contracts because Amazon is committed to increased profits and increased virtue signaling. If Amazon was sincerely committed to diversity and inclusion, Amazon would have provided the $10,000 in consideration to all DSP contract applicants, no matter their race or the color of their skin.

12. Amazon's race-based DSP contracts are yet another example of Amazon's systemic and institutional discrimination against and marginalization of people based on their race or skin color, such as Amazon's ongoing Black Business Accelerator program. See https://sell.amazon.com/programs/black-business-accelerator, last visited September 22, 2022. The race-based program offers valuable business benefits to only Black vendors – regardless of their wealth or success in business – and includes, among other perks, the following benefits available only to Black vendors:

- $500 credit to assist with start-up and operational costs.
- FREE imaging services for up to 50 products to help showcase your products.
- Up to $3,000 in advertising credits to increase exposure for your brand.
- All Black Business Accelerator sellers will be offered up to one year of strategic advisory services. An account manager will support your launch and growth in our stores with personalized insights and recommendations, operational support, and issue assistance.

Class Action Complaint for Damages and Injunctive Relief

- Free training and educational resources on how to start and build a successful business selling online are available through Amazon Small Business Academy, Amazon Seller University, and the Minority Business and Technology Initiative.

13. Similar to Amazon's racist DSP contracts, Amazon's racist Black Business Accelerator overtly prohibits sellers of other racial groups, such as Latinos, Native Americans, Asians, Whites, and Native Hawaiians or Other Pacific Islanders from even applying for Amazon's Black Business Accelerator. Amazon's race-based Black Business Accelerator and DSP contracts are evidence of the systemic and institutional discrimination by Amazon, as Amazon provides both programs to only those with the right skin color no matter their wealth or business acumen and success, while Amazon denies these two programs to those with the wrong skin color no matter their financial condition or business inexperience.

14. For both of these Amazon race-based programs, Black American businessman David Stewart, majority owner of Worldwide Technology, worth an estimated $6.1 billion, basketball legend and Black entrepreneur Michael Jordan, worth an estimated $1.7 billion, and media and business mogul Oprah Winfrey, worth an estimated $2.5 billion, could all apply for Amazon's DSP contracts with the $10,000 in additional consideration and apply for Amazon's Black Business Accelerator with all of its above Black-only benefits. But Amazon will not allow poor or middle class Asian, White, and Native Hawaiian or Other Pacific Islander entrepreneurs to apply for the additional $10,000 DSP consideration, and Amazon will not permit poor or middle class Asians, Whites, Latinos, Native Americans, and Native Hawaiians or Other Pacific Islanders to apply for Amazon's Black Business Accelerator program.

15. Amazon's Black Business Accelerator program is currently being challenged in the U.S. District Court for the Southern District of California Case No. 3:21-cv-01833-BTM-MDD, *Jonathan Correll v. Amazon.com, Inc.*

16. Mexican American entrepreneurs Ernest Garcia, II, a major stockholder in Carvana who is worth an estimated $8.6 billion, and Arturo Moreno, the owner of the Los Angeles Angels who is worth an estimated $4.1 billion, are both eligible to apply for an Amazon DSP contract with its $10,000 contract consideration, while a hardworking Asian American single mom is not. Native American entrepreneur Tom Love, co-founder of the convenience store chain Love's Travel Stops & Country Stores who is worth an estimated $4.8 billion, is eligible for an Amazon DSP contract with its $10,000 contract consideration, but a middle class Pacific Islander entrepreneur is not.

17. Amazon's race-based DSP contracts, which provide $10,000 in consideration for wealthy upper-class Blacks, Latinos, and Native Americans but deny the same to struggling middle-class Asians, Whites, and Native Hawaiians or Other Pacific Islanders, are vehicles for raw, undiluted racism, morally repugnant, and patently illegal. By this action, Plaintiff and all others similarly situated, as defined in the below class definition, seek redress for Amazon's violation of California Civil Code sections 51 and 51.5.

## PARTIES

18. At all times relevant hereto, Plaintiff Luciano Alexandre has been a White man residing in San Diego, California where and when he visited Defendant Amazon's logistics website (https://logistics.amazon.com) in August of 2022 with the direct and specific intent to become an Amazon DSP when he encountered Amazon's above-referenced programs, policies, practices, promotions, and webpages with their respective terms or conditions, that (1) denied him and other White, Asian, and Native Hawaiian or Other Pacific Islander people full and equal access to the DSP program based on their race, (2) caused or enabled Amazon to discriminate against, boycott, blacklist, and refuse to contract or trade with Mr. Alexandre and other White, Asian, and Native Hawaiian or Other Pacific Islander people based on their race, and (3) marginalized and underserved Mr. Alexandre and other White, Asian, and Native Hawaiian or Other Pacific Islander

people based on their race. Mr. Alexandre has desired and continues to desire to become an Amazon DSP and was previously, and currently is, able and ready to apply.

19. At all times relevant hereto, Plaintiff Christina Louise Johnson has been a White woman residing in Hemet, California where and when she visited Defendant Amazon's logistics website (https://logistics.amazon.com) in August of 2022 with the direct and specific intent to become an Amazon DSP and encountered Amazon's above-referenced programs, policies, practices, promotions, and webpages with their respective terms or conditions, that (1) denied her and other White, Asian, and Native Hawaiian or Other Pacific Islander people full and equal access to the DSP program based on their race, (2) caused or enabled Amazon to discriminate against, boycott, blacklist, and refuse to contract with Ms. Johnson and other White, Asian, and Native Hawaiian or Other Pacific Islander people based on their race, and (3) marginalized and underserved Ms. Johnson and other White, Asian, and Native Hawaiian or Other Pacific Islander people based on their race. Ms. Johnson has desired and continues to desire to become an Amazon DSP and was previously, and currently is, able and ready to apply.

20. At all times relevant hereto, Plaintiff Eric Nelson has been a White man residing in California where and when he visited Defendant Amazon's logistics website (https://logistics.amazon.com) in August of 2022 with the direct and specific intent to become an Amazon DSP when he encountered Amazon's above-referenced programs, policies, practices, promotions, and webpages with their respective terms or conditions, that (1) denied him and other White, Asian, and Native Hawaiian or Other Pacific Islander people full and equal access to the DSP program based on their race, (2) caused or enabled Amazon to discriminate against, boycott, blacklist, and refuse to contract or trade with Mr. Alexandre and other White, Asian, and Native Hawaiian or Other Pacific Islander people based on their race, and (3) marginalized and underserved Mr. Alexandre and other White, Asian, and Native Hawaiian or Other Pacific Islander people based on their race. Mr. Nelson has desired and continues to desire to become an Amazon DSP and was previously, and currently is, able and ready to apply.

21.     At all times relevant hereto, Plaintiff Nam Be has been a transgender Asian woman residing in California where and when she visited Defendant Amazon's logistics website (https://logistics.amazon.com) in September of 2022 with the direct and specific intent to become an Amazon DSP when she encountered Amazon's above-referenced programs, policies, practices, promotions, and webpages, and their respective terms or conditions, that (1) denied her and other White, Asian, and Native Hawaiian or Other Pacific Islander people full and equal access to the DSP program based on their race, (2) caused or enabled Amazon to discriminate against, boycott, blacklist, and refuse to contract with Ms. Be and other White, Asian, and Native Hawaiian or Other Pacific Islander people based on their race, and (3) marginalized Ms. Be and other White, Asian, and Native Hawaiian or Other Pacific Islander people based on their race. Ms. Be has desired and continues to desire to become an Amazon DSP and was previously, and currently is, able and ready to apply.

22.     At all times relevant hereto, Defendant Amazon.com, Inc. has been a Delaware-registered domestic corporation with its headquarters in the State of Washington and with operations in San Diego, California.

23.     The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Amazon.com, Inc.," "Amazon," or "Defendant." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

24.     Plaintiffs are informed and believe, and thereon allege, that at all relevant times, each and every defendant was acting as an agent and/or employee of each of the other Defendants, and was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of

the other Defendants. Plaintiffs are informed and believe, and thereon allege, that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## JURISDICTION AND VENUE

25. Jurisdiction is proper under 28 U.S.C. § 1332 because Plaintiffs are citizens of the State of California, Defendant is a citizen of the State of Washington, and the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, giving this Court jurisdiction.

26. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and (ii) Amazon conducted business within this judicial district at all times relevant.

27. Because Amazon has targeted California and otherwise expressly aimed its commercial activities at California, and Amazon has done substantial and continuous business in California, personal jurisdiction is established.

## CLASS ALLEGATIONS

28. Plaintiffs bring this class action on their own behalf and on behalf of all other persons similarly situated under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) as follows:

> All non-Black, non-Latino, and non-Native American people who, while in California, (1) visited the Amazon's website with the intent to become Amazon Delivery Service Partners and encountered Amazon's terms or conditions that excluded Asian, White, and Native Hawaiian or Other Pacific Islander people from the full and equal access to Amazon's Delivery Service Partner program by being denied the ability to apply for and obtain a DSP contract with its additional $10,000 consideration that Amazon provided to only Black, Latino, and Native American entrepreneurs on the basis of race, and/or (2) became Amazon Delivery Service Partners by entering into DSP contracts with Amazon and were denied the additional $10,000 consideration in their DSP contracts that Amazon

provided to only Black, Latino, and American Indian entrepreneurs, on the basis of race – collectively at any time from the period beginning on September 29, 2019 through the date of final judgment in this action and collectively called the "Class."

29. Not included in the Class are the following individuals or entities: (1) Amazon and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Amazon has a controlling interest; (2) all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; (3) all judges and their staff members assigned to hear any aspect of this litigation, as well as such persons' immediate family members; and (4) Plaintiffs' counsel and anyone employed by Plaintiffs' counsel.

30. Plaintiffs reserve the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

31. This action has been brought and may properly be maintained pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) and (b)(3) for the below reasons.

32. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, there are thousands of Class members.

33. There are questions of law and fact common to the Class and these questions predominate over any questions affecting only individual members. Common questions include, for each class, among others: (1) Whether Amazon's DSP contract with its race-based $10,000 consideration deprive Plaintiffs and the Class of their rights under California Civil Code sections 51 and 51.5; (2) whether Plaintiffs and the Class were harmed by Amazon's unequal treatment of and discrimination against those who have intended to use or contract with Amazon to become DSPs, as well as those who became DSPs but were not provided the $10,000 consideration in their DSP contract because of their race; (3) whether Plaintiffs and the Class are entitled to statutory damages under California Civil Code section 52; (4) whether Plaintiffs and the Class are entitled to equitable and injunctive relief, and if so, what equitable and injunctive relief is warranted; and (5) the scope of permanent public injunctive relief that may result.

34.     Plaintiffs' claims are typical of the claims of the Class because Amazon's programs, policies, practices, and promotions described herein have denied both the Plaintiffs and the Class full and equal accommodations, advantages, facilities, privileges, and/or services, and have caused or enabled Amazon to discriminate against, boycott, blacklist, and/or refuse to contract or trade with both the Plaintiffs and the Class based on their race. All of the claims are substantially shared by every Class member. The unequal treatment and discrimination claims arise from the same course of conduct by Amazon, and the relief sought is common. For example, the Complaint is only seeking statutory damages, not actual damages. Therefore, the Class members' actual damages do not need to be determined.

35.     Members of the Class are unlikely to be aware of their rights under Civil Code sections 51, 51.5 and 52 to be free from race discrimination, but for this lawsuit.

36.     Amazon has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

37.     Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have no conflict with any Class member.

38.     Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have no conflict with any Class member.

39.     Plaintiffs have retained counsel competent and experienced in Unruh Act discrimination class actions, including those with claims for violating California Civil Code sections 51 and 51.5. For example, Plaintiffs' counsel represented the prevailing plaintiffs/appellants in the landmark California Supreme Court Unruh Civil Rights case of *Angelucci v. Century Supper Club* (2007) 41 Cal.5th 160, which held that discrimination victims, whether they be victims of race, sex, sexual orientation, or any other form of discrimination prohibited by the Unruh Act, did not have to first confront the discriminating business and affirmatively assert their right to equal treatment in order to have standing for an Unruh Act claim. *Angelucci* enabled race discrimination class action lawsuits under the Unruh Act, such as this one, to be viable.

40. The people affected by Amazon's unequal treatment and discrimination can be readily identified and ascertained through Amazon's company records, its website records, logs, and data and therefore the proposed class is ascertainable.

41. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) because Amazon has acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory, equitable, and public injunctive relief with respect to Plaintiffs and the Class as a whole. Amazon excludes members of the Class from participating in and benefitting from Amazon's DSP contracts with their $10,000 consideration due to the Class members' race. The Class members are entitled to declaratory, equitable, and public injunctive relief to end Amazon's common, unfair, and unlawful race-based discriminatory practices, programs, policies, or promotions.

42. Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual Class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation since joinder of all members is impracticable. The Class members have been damaged and are entitled to recovery of statutory damages under California Civil Code section 52 because of Amazon's common, unfair, and unlawful race-based discriminatory practices, programs, or policies. This Complaint does not seek actual damages, but instead the mandatory minimum $4,000 in statutory damages for each and every offense pursuant to Civil Code section 52, and these statutory damages are readily capable of measurement on a class-wide basis. Plaintiffs and the members of the Class will rely on common evidence to resolve their legal and factual questions, including Amazon's applicable race-based practices, programs, and policies in the relevant period. Amazon has been engaging in continuous, permanent, and substantial activity in California. There will be no undue difficulty in the management of this litigation as a class action.

43. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members are likely to have little interest in individually controlling the prosecution of separate actions because the individual statutory damages claims of each Class member are not substantial enough to warrant the attorneys' fees and court costs, as well as the time and effort, associated with individual filings and prosecution of their individual claims. In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

44. Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Amazon, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication and could substantially impair or impede the ability of other Class members to protect their interests.

## FIRST CAUSE OF ACTION

**Violation Of The Unruh Civil Rights Act, California Civil Code Section 51**

45. Plaintiffs incorporate in this cause of action the allegations contained in the preceding paragraphs of this Complaint as if they were set out in full herein.

46. Amazon is a "business establishment" within the meaning of California Civil Code section 51.

47. Amazon intentionally denied and made a distinction that denied Plaintiffs and the Class full and equal accommodations, advantages, facilities, privileges, and/or services of Amazon's DSP contracts with their $10,000 in additional consideration limited to only Black, Latino, and Native American entrepreneurs, thereby violating California's Unruh Civil Rights Act, codified as California Civil Code section 51.

48. A substantial motivating reason for Amazon's conduct was the race of Plaintiffs and the Class.

49. Plaintiffs and the class were by harmed by Amazon's conduct in denying Plaintiffs and the Class full and equal access to and participation in Amazon's DSP contracts with their $10,000 in additional consideration limited to only Black, Latino, and Native American entrepreneurs.

50. Amazon's conduct in denying Plaintiffs and the Class full and equal access to and participation in Amazon's DSP contracts with their $10,000 in additional consideration limited to only Black, Latino, and Native American entrepreneurs was a substantial factor in causing harm to Plaintiffs and the Class.

51. Pursuant to Civil Code section 52, Amazon is liable to Plaintiffs and the members of the Class for the statutory damages mandated by Civil Code section 52 for each and every offense, and attorneys' fees that may be determined by the court.

52. Pursuant to Civil Code section 52, public injunctive relief is necessary and appropriate to prevent Amazon from continuing and repeating its discriminatory actions. Plaintiffs are entitled to public injunctive relief on behalf of themselves and the Class.

## SECOND CAUSE OF ACTION

### Violation of California Civil Code Section 51.5

53. Plaintiffs incorporate in this cause of action the allegations contained in the preceding paragraphs of this Complaint as if they were set out in full herein.

54. Amazon is a "business establishment" within the meaning of California Civil Code section 51.5.

55. Amazon discriminated against, boycotted, blacklisted, and refused to contract or trade with Plaintiffs and the Class based on their race by denying them full and equal access to apply for and/or to obtain Amazon's DSP contracts with their $10,000 in additional consideration limited to only Black, Latino, and Native American entrepreneurs, thereby violating California Civil Code section 51.5.

56. A substantial motivating reason for Amazon's conduct was the race of Plaintiffs and the Class.

57. Plaintiffs and the Class were harmed by Amazon's conduct in denying Plaintiffs and the Class full and equal access to and participation in Amazon's DSP contracts with their $10,000 in additional consideration limited to only Black, Latino, and Native American entrepreneurs.

58. Amazon's conduct in denying Plaintiffs and the Class full and equal access to and participation in Amazon's DSP contracts with their $10,000 in additional consideration limited to only Black, Latino, and Native American entrepreneurs was a substantial factor in causing harm to Plaintiffs and the Class.

59. Pursuant to Civil Code section 52, Amazon is liable to Plaintiffs and the members of the Class for the statutory damages mandated by Civil Code section 52 for each and every offense, and attorneys' fees that may be determined by the court in addition thereto.

60. Pursuant to Civil Code section 52, public injunctive relief is necessary and appropriate to prevent Amazon from continuing and repeating its discriminatory actions alleged above. Plaintiffs are entitled to public injunctive relief on behalf of themselves and the Class.

## **PRAYER FOR RELIEF**

1. Public injunctive relief in the form of a preliminary and permanent injunction against Amazon and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, customs, and usages set forth herein;

2. Certify a class under Rule 23(a) and (b)(2) and (b)(3) of the Federal Rules of Civil procedure, appoint Plaintiffs' counsel as Class Counsel, and appoint the named Plaintiffs as the Class representatives;

3. For an order requiring Amazon's officers and employees to undergo diversity, inclusion, and equity training, specifically to recognize and acknowledge that Asians, Whites, and Native Hawaiians or Other Pacific Islanders are entitled to the same equal treatment, diversity, inclusion, and equity to which all human beings are entitled;

4. For statutory damages mandated by and pursuant to California Civil Code section 52 for each and every offense committed by Amazon against Plaintiffs and each member of the Class for violating California Civil Code sections 51 and/or 51.5;

5. Costs incurred herein, including reasonable attorneys' fees to the extent allowable by California Civil Code section 52 and California Code of Civil Procedure section 1021.5; and

6. For such other and further legal and equitable relief as this Court may deem proper, appropriate, justified, or equitable.

Dated: September 28, 2022          Respectfully Submitted,

*s/ Greg Adler*
Greg Adler (Cal. Bar No. 234142)
GREG ADLER P.C.
39899 Balentine Drive Suite 200
Newark, CA 94560
Phone: 844-504-6587
Fax: 469-807-8878
Email: greg@adler.law
*Attorney for Plaintiffs and the Proposed Class*

*s/ Alfred G. Rava*
Alfred G. Rava (Cal. Bar No. 188318)
RAVA LAW FIRM
3667 Voltaire Street
San Diego, California 92106
Phone: 619-238-1993
E-mail: alrava@cox.net
*Attorney for Plaintiffs and the Proposed Class*